# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| HUNG NGUYEN, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:16-CV-3311 |
| § | |
| ELLWOOD TEXAS FORGE HOUSTON, LP § | |
| D/B/A ELLWOOD TEXAS FORGE HOUSTON, § | |
| *Defendant*. § | |

## **MEMORANDUM AND ORDER**

This case is before the court on Plaintiff's amended motion for attorney's fees and costs. Dkt 66. Having considered the parties' submissions and the law, Plaintiff's motion is granted.

## **Background**

On February14, 2018, a jury returned a verdict in favor of Plaintiff and awarded him $42,000 for compensatory damages, $8,000 for mental distress, and $10,000 for punitive damages. Dkt. 60 (Jury Verdict). As the prevailing party, Plaintiff now moves for an award of attorney's fees in the amount of $80,103.82 and costs in the amount of $2,347.24. Plaintiff's $80,103.82 fee request includes $68,103.02 for invoiced fees, plus a contingency fee amount of $12,000. Plaintiff argues that the invoiced fees are based on an agreed reduced rate and an award based on this amount alone would be unreasonable and below market rates. Plaintiff supports his motion with invoices, the affidavit of counsel, the parties' fee agreement, and reference to the prevailing attorney billing rates in the Houston area.

## Legal Standards

Title VII, 42 U.S.C.A. § 2000e-5(k), provides:

In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

The purpose of attorney's fee provisions in civil rights statutes is to ensure "effective access to the judicial process for persons with civil rights grievances." *Dean v. Riser*, 240 F.3d 505, 507 (5th Cir.2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)). Therefore, a prevailing plaintiff should recover an award of attorney's fees unless special circumstances render an award unjust. *Hensley*, 461 U.S. at 429.

"[A] reasonable fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). The lodestar method yields a fee that is presumptively reasonable. *Id.* The lodestar is calculated by multiplying a reasonable hourly rate times a reasonable number of hours of work. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). In the Fifth Circuit, the court may adjust the lodestar based on the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995). The lodestar figure should not be enhanced by any factor that is already subsumed in the lodestar calculation. *Perdue*, 559 U.S at 553. The presumption that the lodestar figure is reasonable "may be overcome in those rare circumstances in which the lodestar does not

---

[1] The 12 factors set forth by the *Johnson* court for determining fee awards under . . . Title VII . . . are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Blanchard v. Bergeron*, 489 U.S. 87, 92 (1989).

2

adequately take into account a factor that may properly be considered in determining a reasonable fee." *Id.* at 554. For example, an enhancement may be appropriate where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation." *Id.* at 554–55. Moreover, "[a]n attorney who agrees, at the outset of the representation, to a *reduced hourly rate* in exchange for the opportunity to earn a performance bonus is in a position far different from an attorney in a § 1988[2] case who is compensated at the *full prevailing rate* and then seeks a performance enhancement in addition to the lodestar amount after the litigation has concluded." *Id.* at 556-57 (emphasis in original).

The decision to adjust the lodestar is reviewed for abuse of discretion, and therefore it is important for the court to provide a clear and concise explanation of its reasons for an attorney's fee award. *Kellstrom*, 50 F.3d at 329. A fee applicant must submit documentation sufficient for the court to make this determination. *Id.* at 324. The district court's determination of reasonable hours and reasonable rates is reviewed for clear error. *Id.*

## Analysis

There is no question that Plaintiff is a prevailing party entitled to attorney's fees under Title VII and the Texas Labor Code. "The amount of the fee, of course, must be determined on the facts of each case." *Hensley*, 461 U.S. at 429.

Defendant objects to Plaintiff's fee request on the general ground that it is not well-supported by the evidence because Plaintiff has submitted invoices on three occasions in three different amounts due to errors or omissions. Dkt. 67 at 3. The only specific objections made by Defendant are that (1) "invoice 1650 includes fees for two attorney's [sic] attendance at trial

---

[2] Section 1988 is substantively identical to 42 U.S.C. § 2000e-5(k): "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . ." 42 U.S.C.A. § 1988.

3

from February 12 to February 14, 2018, when only one attorney participated during the trial—resulting in duplicative fees of approximately $5,865;" and (2) "Plaintiff has offered no evidence of his purported fee arrangement in support of his request for a $12,000 contingency fee—neither during discovery nor in support of his Motion." *Id.* Defendant does not contest plaintiff's request for $2,347.24 in costs. *Id.* For these reasons, Defendant argues that Plaintiff's request should be reduced, at a minimum, by $17,865.

The court is not persuaded that Plaintiff's submission of invoices in the amount of $41,077.32 at the time of the pretrial conference, in the amount of $64,675.90 in his initial motion for fees, and in the amount of $68,103.82 in the amended motion now before the court, is a basis for reducing or rejecting the fee request.[3] The court is tasked with ruling on the motion and the sufficiency of the evidence currently before it.[4]

Defendant argues for a reduction based on duplication of fees for lawyers at trial. While only one lawyer, Ms. Ghafoor, spoke on the record at trial, the second lawyer's presence at trial was not duplicative. As stated in Plaintiff's reply and reflected on invoice 1650, the second chair attorney in this case, Thanh Le, researched cases as requested by the court at the motion in limine hearing, assisted in striking jurors during voir dire, monitored translation issues during trial, took notes of juror demeanor, took notes and reviewed depositions to assist with cross-examination and strategy, and helped prepare the jury charge. Dkt. 68 at 3; Dkt. 66-3 at 23-28.

*Prater v. Commerce Equities Manag. Co.*, Civil Action No. H-07-2349, 2008 WL 5140045 *7 (S.D. Tex. 2008), cited by Defendant, does not require a reduction of attorney's fees in this case. There, the plaintiff sought recovery for sending two relatively highly compensated

---

[3] Of course, the pre-trial conference submission is for a lower amount at least in part because it does not include any fees for trial or this motion.

[4] Plaintiff's counsel explained the current calculation in an email to defense counsel dated March 14, 2018. Dkt. 67-2 at 2. While the court arrived at $70,451.06 when it added up the invoices, instead of $70,450.56 as stated in the email, the court finds .50 differential immaterial.

4

attorneys to mediation. The court made a factual finding that the duplication was unnecessary given the limited factual and legal issues in the case and the experience of the lower-priced attorney, and reduced the lodestar accordingly. *Id.* Here, the fees are sought for attendance at trial, not mediation, and there were circumstances, such as the need for a translator and the selection of a jury, that warranted the attendance of a second attorney at trial. Defendant's objection to inclusion of $5,865 in attorney's fees for Thanh Le's work at trial is overruled.

The court next considers Plaintiff's request for an increase to the $68,103.02 invoiced fees in the amount of a $12,000 contingency fee award. The court agrees that $150.00 per hour is below the prevailing rate for an attorney of Ms. Ghafoor's experience, or for a lawyer with less than two years' experience, in this type of case, in the Houston area.[5] Therefore, some adjustment to the rate should be made to ensure a fee award in an amount "sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue*, 559 U.S. at 552.

Plaintiff's motion represents that "Pursuant to Plaintiff's Client Agreement with the law firm of Nguyen & Chen, L.L.P., Plaintiff agreed to be charged a reduced rate of $150.00 per hour for attorney's fees and afforded the firm a twenty percent (20%) contingency fee interest in any recovery due to Plaintiff." Dkt. 66 at 8. Plaintiff did not attach the Client Agreement to his motion, but stated "Pursuant to Rule [54(d)(2)(B)(iv)] . . . if the court so orders, more detailed terms of Plaintiff's Client Agreement with Nguyen & Chen, L.L.P. justifying the fees for services for which the claim is made will be disclosed." *Id.* at 10. After Defendant's objection, Plaintiff submitted a copy of the Client Agreement with his reply to the motion. The Client

---

[5]The median hourly rate for attorneys practicing Labor-Employment law in Houston was $285.00 in 2015. https://www.texasbar.com/AM/Template.cfm?Section=demographic_and_economic_trends&Template=/CM/ContentDisplay.cfm&ContentID=34182 (last visited April 5, 2018).

5

Agreement provides that legal services will be "billed at $150.00/HR. Firm shall also retain a 20% contingency interest in any recovery due to Client." Dkt. 68-1 at 1.

It is true that Plaintiff did not produce the contingency fee agreement in discovery. On the other hand, Defendant did not seek to compel its production.[6] Regardless of when Defendant received a copy of the Client Agreement, it has had the opportunity to respond to the motion for attorney fees and to argue that the $12,000 contingency fee is unreasonable. Defendant suffered no prejudice from the lack of pre-trial production of the fee agreement because the issue of attorney's fees was not submitted to the jury. Even had she not produced the Client Agreement as an exhibit, Ms. Ghafoor could have established the amount of the $12,000 contingency fee by affidavit based on her personal knowledge. Furthermore, the court can take judicial notice of prevailing rates in the area and make adjustments to those rates. *See Barrington Grp. Ltd., Inc. v. Classic Cruise Holdings S. De R.L.*, No. 3:08-CV-1813-B, 2010 WL 2484398, at *3 (N.D. Tex. June 18, 2010) ("While the Court may take judicial notice of certain factors, such as the prevailing rate in the area, it may not accept a fee application without the information necessary to apply the appropriate scrutiny."). Thus, the court declines to reject the Plaintiff's fee request because the Client Agreement was not produced in discovery.

Defendant has not objected to the inclusion of a $150.00 per hour charge for work by associates, paralegals, and a law clerk. *See, e.g.,* Invoice 891, Dkt. 66-1 at 16. Fees by non-lawyers are recoverable to the extent the work is not purely clerical. *Missouri v. Jenkins*, 491 U.S. 274, 288-89 (1989). Plaintiff's counsel submitted an affidavit attesting that these individuals

---

[6] "As a general rule, client identity and fee arrangements are not protected as privileged." *In re Grand Jury Subpoena for Attorney Representing Criminal Defendant Reyes-Requena*, 926 F.2d 1423, 1431 (5th Cir. 1991). However, there is some authority for the proposition that where a fee award is mandated by statute, production of fee agreements should not be required until liability is established. *Am. Civil Rights Union v. Martinez-Rivera*, No. 2:14-CV-026-AM-CW, 2015 WL 13650010, at *5 (W.D. Tex. Sept. 10, 2015) ("Courts have almost universally held that when a statute provides attorneys' fees for a prevailing party, fee arrangements and expenses are not discoverable until liability is established.").

performed tasks traditionally performed by lawyers. *See* Dkt. 68-2. However, the court has reviewed the invoices and concludes that some paralegal charges reflected on the invoices are for work that is clerical in nature.[7] Therefore, the court will deduct $2,070 in invoiced paralegal fees from the fee award.[8]

The court has considered the fact that $80,103.82 (less $2,070) exceeds the total damages, $60,000.00, the jury awarded to Plaintiff. There is no *per se* proportionality rule for attorney fee awards in civil rights cases. *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 396 (5th Cir. 2016). "A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts." *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986). However, the proportionality of fees to the degree of plaintiff's success is one factor the court should consider in determining a fee award. *Combs*, 29 F.3d at 396. The Fifth Circuit has approved a reduction in fees where the request is greatly disproportional to the degree of Plaintiff's success. For instance, in *Migas v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998), the Fifth Circuit reversed an award where the plaintiff sought fees in an amount over twenty-six times the damages actually awarded and the fees-to-damages ratio of the award was 6.5:1. *Id.* at 397. It is not unusual in employment discrimination cases for attorney's fees to exceed a plaintiff's damages award. Here, the ratio is approximately 1.3:1. The court declines to reduce the otherwise reasonable attorney's fee request in this case to eliminate the slight disproportionality between the fees and damages awarded.

---

[7] This deduction accounts for charges on invoices 635, 821, 891, 1097, 1209 for calendaring deadlines; on invoices 676 and 753 for emailing the process server; on invoice 1152 for sending a fax; and on invoices 1483 and 1650 for receiving E-filing notifications from the court.

[8] The $68,103.82 invoiced amount reflects application of courtesy discounts to actual charges in the amount of $228.75 to invoice 1097, $1,646.18 to invoice 1152, and $400.50 to invoice 1264. Dkts. 66-1 at 35, 66-2 at 7, 20.

7

## Conclusion and Order

Plaintiff was billed for approximately 470.30 hours of legal work.[9] Dkt. 66-1, 66-2, 66-3. A fee of award of $78,033.82 ($80,103.82 – $2,070) represents 470.30 hours at an effective rate of approximately $166.00 per hour. The court concludes that both the number of hours expended and the rate charged in this case are reasonable, and that $78,033.82 represents a reasonable attorney's fee award for Plaintiff, who successfully prosecuted an employment discrimination case in a jury trial in federal court in Houston.

It is therefore ordered that Plaintiff's amended motion for attorney's fees and costs (Dkt. 66) is GRANTED. It is further ordered that within 21 days of entry of this order, Plaintiff shall submit a motion for entry of final judgment (agreed if possible) consistent with this order and the jury verdict.

Signed at Houston, Texas, on April 6, 2018.

Christina A. Bryan
United States Magistrate Judge

---

[9] Plaintiff represents that 502.08 hours were actually spent prosecuting the case. Dkt. 66 at 9; Dkt. 68-2 at 2.